UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------
NADINE TOWNSEND,

                                              Plaintiff,

       -v.-                                                           No. 10-CV-1304
                                                                         (GLS/DRH)

HONORABLE JORGE SOLIS,
U.S. District Court Judge
                                              Defendant.
--------------------------------------------------------------------------

**APPEARANCES:**

NADINE TOWNSEND
Plaintiff Pro Se
435 Manhattan Street
1st Floor
Schenectady, New York 12308

**DAVID R. HOMER**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION and ORDER

     Presently before this Court is an application to proceed in forma pauperis and a civil rights complaint filed by Nadine Townsend ("plaintiff" or "Townsend"). Dkt. Nos. 1-2. Townsend has not paid any fee relating to this action. Townsend seeks recovery of damages under 42 U.S.C. § 1983 for the alleged deprivation of her constitutional rights. Id. at 9.

### I. In Forma Pauperis

     The Court has reviewed Townsend's in forma pauperis application. See Dkt. No. 2. Because Townsend sets forth sufficient economic need, the Court finds that Townsend qualifies to proceed in forma pauperis.

## II. Defendant U.S. District Judge Jorge Solis

The named defendant in the complaint is the Honorable Jorge Solis, United States District Court Judge for the Northern District of Texas. Townsend's complaint is difficult to understand. However, it appears that Townsend is claiming that Judge Solis conspired to deprive her of equal protection in the litigation of a civil action Townsend brought in the Northern District of Texas. For the reasons stated below, the claims against Judge Solis should be dismissed and the complaint dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. Rule 5.4(a).

Section 1915(e), as amended, directs that the Court:

> (2)  [S]hall dismiss the case at any time if the court determines that -
>
> ***
> (B) the action ... (I) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

"Judges enjoy *absolute immunity* from personal liability for 'acts committed within their judicial jurisdiction.'" Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (emphasis added) (quoting Pierson v. Ray, 386 U.S. 547 (1967)). "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." Young, 41 F.3d at 51 (internal quotation marks omitted). See, e.g., Barrett v. Harrington, 130 F.3d 246, 260 (5th Cir. 1997) ("the applicability of judicial immunity is not limited to acts which occur within the confines of the courtroom . . . ."). The acts alleged against Judge Solis by

plaintiff fell well within the authority and duties of a judicial officer.  Accordingly, plaintiff's claims against Judge Solis should be dismissed because he is absolutely immune from liability in this Section 1983 action.

### III. Conclusion

WHEREFORE, it is hereby

**RECOMMENDED** that the claims against U.S. District Judge Jorge Solis be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and N.D.N.Y.L.R. 5.4(a) and the complaint herein be dismissed;  and it is further

**ORDERED** that although plaintiff Townsend qualifies to proceed  in forma pauperis, her application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on Townsend by regular mail and certified mail.

Pursuant to 28 U.S.C. §636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of Health & Human Servs., 892 F.2d 15 (2d Cir. 1989); 28 U.S.C §636(b)(1); Fed R. Civ. P. 72, 6(a), 6(e).

**IT IS SO ORDERED.**

Dated:  November 17, 2010

_David R. Homer_
United States Magistrate Judge